200 So.2d 481

**Curtis Ray PARKER**

v.

**STATE.**

**6 Div. 123.**

Supreme Court of Alabama.

April 13, 1967.

John D. Prince, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

**182**

HARWOOD, Justice.

The evidence presented below by the state is identical in all material aspects to the evidence presented by the state against this appellant in Parker v. State, 280 Ala. 685, 198 So.2d 261, 6 Div. 145, except that in the present prosecution the cast taken of the shoe print was not introduced in evidence, nor was it produced by the state. While separate appeals were perfected in the present case, and in the aforementioned 6 Div. 145, supra, a single brief was filed covering both cases, and these two appeals have of necessity been considered together.

Since in 6 Div. 145, supra, we observed, in the event of another trial, that the cast of the shoe introduced in that case repudiated and denied the probative value of the testimony relating to the similarity of the tracks with the appellant's shoe, and the remaining evidence presented by the state was insufficient to support the judgment and verdict of guilty, and had the affirmative charge been requested, or a motion for a new trial made raising the sufficiency of the evidence, the appellant would have been entitled to have the charge given, or the motion granted.

In the present case a motion for a new trial was made containing grounds going to the sufficiency of the evidence. The motion was denied.

It would be unjust to permit the conviction in this case to stand, even though the cast was not introduced in the present case, when in all other respects the evidence in the two cases is virtually identical, and we perforce know of the non-probative value of the evidence relating to the matching of the footprint and the shoe.

We therefore conclude that this judgment must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.